UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAN LEWIS, JR.,

 *Plaintiff*,       CASE NO. 1:17-cv-10808

v.           DISTRICT JUDGE THOMAS L. LUDINGTON
            MAGISTRATE JUDGE PATRICIA T. MORRIS

RICHARD SNYDER and
COLONEL KRISTE K. ETUE,

 *Defendants*.
              /

**REPORT AND RECOMMENDATION ON MOTIONS FOR SUMMARY JUDGMENT**
(Docs. 21, 25)

**I.** **RECOMMENDATION**

For the reasons that follow, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Doc. 21) be **GRANTED IN PART** as to the retroactive application of SORA's 2006 and 2011 Amendments, that Defendant's Motion for Summary Judgment (Doc. 25) be **GRANTED IN PART**, that relief be granted Plaintiff in accordance with the analysis set forth below, and that the remainder of Plaintiff's Complaint be **DISMISSED**.

**II.** **REPORT**

Plaintiff Man Lewis, Jr. ("Plaintiff")—who proceeds *pro se* and *in forma pauperis*—filed this § 1983 lawsuit on March 13, 2017, against Defendants Richard Snyder and Colonel Kriste K. Etue ("Defendants"). (Doc. 1). In it, he admits to three prior criminal convictions: (1) a 1978 conviction for procuring or inducing a person to engage in

1

prostitution, M.C.L. 750.455; (2) a 1983 conviction for attempted criminal sexual conduct in the third degree, M.C.L. 750.520d; and (3) a 1983 conviction for criminal sexual conduct in the first degree, M.C.L. 750.520b. (Doc. 1 at 3). As a result of these convictions, he must comply with Michigan's Sex Offender Registration Act ("SORA"), M.C.L. § 28.723, *et seq*. In his view, however, because SORA emerged after his convictions, it constitutes an ex post facto law and is unconstitutional as applied to him. He seeks a declaration that the Act—"specifically, the retroactive application of the [2006 and 2011] amendments"—is unconstitutional as applied to him, and he wants this Court to enjoin Defendants from enforcing it against him. (Doc. 1 at 1-2). *See generally* M.C.L. § 28.723, *et seq*.; Mich. Pub. Acts 121, 127 (2005) (the 2006 amendments); Mich. Pub. Acts. 17, 18 (2011) (the 2011 amendments) Defendant filed a Response and Cross-Motion for Summary Judgment on March 25, 2018, (Doc. 25), to which Plaintiff replied, (Doc. 26). In his Reply, Plaintiff appears cognizant that Defendants move for summary judgment, and therefore I construe the filing also as a Response to Defendant's Motion. Accordingly, this case is ripe for report and recommendation.

In making his argument, Plaintiff draws heavily on the Sixth Circuit's opinion in *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), *reh'g denied* (Sept. 15, 2016), which held, among other things, that:

> Michigan's SORA imposes punishment. . . . [T]he fact that sex offenders are so widely feared and disdained by the general public implicates the core counter-majoritarian principle embodied in the Ex Post Facto clause. . . . The retroactive application of SORA's 2006 and 2011 amendments to Plaintiffs is unconstitutional, and it must therefore cease.

*Id.* at 705-06. *See generally* (Doc. 1).

2

Plaintiff's instant Motion outlines particular harms caused by SORA's registration requirements. He avers, for instance, that police officers and members of the general public have harassed him after finding his address and photograph on the registry. (Doc. 21 at 9-10). His registration status also causes significant "mental stress" because he encounters seemingly insurmountable difficulty securing housing or employment. (*Id.* at 10-17).[1] Defendant's Motion concedes that SORA's 2006 and 2011 amendments should not apply to Plaintiff, but maintains that the registration requirements predating these amendments do not constitute ex post facto punishment, and therefore should continue to retroactively apply. (Doc. 25).

The Constitution prohibits states from passing "any . . . ex post facto Law," codifying the foundational principle that criminal punishment must not issue without prior notice. U.S. Const. art. I, § 10, cl. 1; *see Calder v. Bull*, 3 U.S. 386, 390 (1798) ("[T]he plain and obvious meaning and intention of the prohibition is this; that the Legislatures of the several states, shall not pass laws, after a fact done by a subject, or citizen, which shall have relation to such fact, and shall punish him for having done it."). In determining whether a law punishes, the Supreme Court employs a two-part test: (1) "whether the legislature intended a civil or criminal consequence," and; (2) if the legislature intended a

---

[1] Though Plaintiff's Complaint mentions the 1999 and 2004 amendments to SORA in passing, it focuses on the unconstitutionality of retroactive application of SORA's 2006 and 2011 amendments. His instant Motion also highlights factual scenarios which appear more relevant to the registration requirements imposed by Section II of SORA. *See* M.C.L. § 28.723-30. As such, I read Plaintiff's Complaint and Motion as challenging SORA's 2006 and 2011 amendments as well as the registration requirements predating those amendments in M.C.L. § 28.723-30. *E.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se filings must be liberally construed).

3

civil consequence, whether the "law's substance" is punitive. *Smith v. Doe*, 538 U.S. 84, 107 (2003). The following factors guide this Court's evaluation of the latter prong:

> Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned are all relevant to the inquiry, and may often point in differing directions.

*Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963). The Supreme Court's opinion in *Smith v. Doe*—which addressed whether the retroactive reach of a similar Alaskan sex-offender registration scheme violated the Constitution's Ex Post Facto clause—is uniquely instructive to the analysis that follows. *See generally* 538 U.S. at 89-91. In general, "states are free to pass retroactive sex-offender registry laws and . . . those challenging an ostensibly non-punitive civil law must show by the 'clearest proof' that the statute in fact inflicts punishment." *Does #1-5*, 834 F.3d at 705.

Plaintiff agrees with the Sixth Circuit's rationale in *Does #1-5* that the Michigan legislature did not intend SORA to be punitive. *See* (Doc. 1 at 8) (acknowledging that SORA "evinces no punitive intent"). The only remaining issue, therefore, is whether, as applied to Plaintiff, SORA's registration requirements, M.C.L. §§ 28.723-30, impose ex post facto punishment under the guise of civil regulation.

At the outset, I note that Plaintiff offers no legal authority for the proposition that retroactive application of SORA's registration requirements, as established prior to its 2006 and 2011 amendments, violate the Constitution or any law. *See Hall v. Washington*, No.

4

16-CV-11812, 2018 WL 1875598, at *4 (E.D. Mich. Apr. 19, 2018) (observing that *Does #1-5* "only addressed whether the retroactive application of certain SORA amendments constituted an ex post facto punishment in contravention of the Constitution"); *cf. Spencer v. Snyder*, No. 1:16-CV-1465, 2016 WL 9110367, at *3 (W.D. Mich. Dec. 29, 2016), *R. & R. adopted,* No. 1:16-CV-1465, 2017 WL 2472599 (W.D. Mich. June 8, 2017) (dismissing the plaintiff's case because he "failed to identify . . . any authority holding or supporting the proposition that the retroactive application of the registration fee provision violates the ex post facto clause or any other law or constitutional provision"). As the Supreme Court reasoned in *Smith*, sex-offender registries are a relatively novel development lacking the historically-recognized trademarks of punishments such as incarceration, shaming, or banishment. *Smith*, 538 U.S. at 98 ("Our system does not treat dissemination of truthful information in furtherance of a legitimate governmental objective as punishment."). Like the Alaskan scheme addressed in *Smith*, registrants remain free to live and work as they please. *Id.* at 102. Although Michigan's SORA requires in-person registration, and therefore may arguably impose an affirmative duty upon registrants, *see* M.C.L. § 28.725, the regulatory scheme at issue remains sufficiently distinct from superficially analogous punitive schemes such as probation or supervised release, for registrants retain agency over their own life choices and activities. *See Smith*, 538 U.S. at 87 ("While registrants must inform the authorities after they change their facial features, borrow a car, or seek psychiatric treatment, they are not required to seek permission to do so."); *Snyder*, 834 F.3d at 703 (distinguishing SORA from the Alaskan scheme in *Smith* because of the 2006 and 2011 amendments, but not the registration requirement); *cf. Hatton v. Bonner*, 356 F.3d

5

955, 964 (9th Cir. 2004) (finding an in-person registration requirement did not, alone, impose an affirmative disability or restraint on registrants). Although Plaintiff blames SORA for his housing and occupational difficulties, there is no evidence on record that such disadvantages "would not have otherwise occurred through the use of routine background checks by employers and landlords." *Smith*, 538 U.S. at 100. Indeed, Plaintiff's conviction is, in itself, public information that other citizens could discover without the convenience of a registry. Most importantly, SORA is linked to the rational, nonpunitive purpose of promoting public safety by easing the public's access to relevant information about those convicted of certain dangerous crimes. *See id.* at 102-03. Like the Alaskan scheme *Smith* upheld, the burden SORA imposes is not excessive in relation to the aim of promoting this nonpunitive purpose.

In sum, the *Mendoza-Martinez* factors militate against a finding that SORA's registration requirements constitute punishment. *Accord, e.g.*, *Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007) (collecting cases and noting "that our sister circuits have likewise consistently and repeatedly rejected ex post facto challenges to state statutes that retroactively require sex offenders convicted before their effective date to comply with . . . registration, surveillance, or reporting requirements"). Their retroactive application to Plaintiff does not, therefore, violate the Constitution's prohibition on ex post facto laws.

For these reasons, I conclude that Plaintiff's Motion for Summary Judgment (Doc. 21) be **GRANTED IN PART** as to the retroactive application of SORA's 2006 and 2011 Amendments, that Defendant's Motion for Summary Judgment (Doc. 25) be

**GRANTED IN PART**, that relief be granted Plaintiff in accordance with the analysis set forth above, and that the remainder of Plaintiff's Complaint be **DISMISSED**.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Date: June 6, 2018                              S/ PATRICIA T. MORRIS
                                                Patricia T. Morris
                                                United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Man Lewis, Jr. at 2124 Gallagher Street, Saginaw, MI 48601.

Date: June 6, 2018                                                   By s/Kristen Castaneda
                                                                                   Case Manager