UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAN LEWIS, JR.

    Plaintiff,                                    Case No. 17-cv-10808

v.                                               Honorable Thomas L. Ludington
                                                  Magistrate Judge Patricia T. Morris
RICHARD SNYDER, and
COLONEL KRISTE K. ETUE,

    Defendants.
_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND GRANTING MOTIONS FOR SUMMARY JUDGMENT IN PART

Plaintiff Man Lewis, Jr. ("Plaintiff")—who proceeds pro se and in forma pauperis—filed this § 1983 lawsuit on March 13, 2017, against Defendants Richard Snyder and Colonel Kriste K. Etue ("Defendants"). ECF No. 1. Pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 4. Plaintiff has three prior criminal convictions: (1) a 1978 conviction for procuring or inducing a person to engage in prostitution, M.C.L. 750.455; (2) a 1983 conviction for attempted criminal sexual conduct in the third degree, M.C.L. 750.520d; and (3) a 1983 conviction for criminal sexual conduct in the first degree, M.C.L. 750.520b. ECF No. 1 at 3. As a result of these convictions, he must comply with Michigan's Sex Offender Registration Act ("SORA"), M.C.L. § 28.723, et seq.

In Plaintiff's view, because SORA emerged after his convictions, it constitutes an ex post facto law and is unconstitutional as applied to him. He seeks a declaration that the Act—"specifically, the retroactive application of the [2006 and 2011] amendments"—is unconstitutional as applied to him, and asks this Court to enjoin Defendants from enforcing it

against him. ECF No. 1 at 1-2. *See generally* M.C.L. § 28.723, et seq.; Mich. Pub. Acts 121, 127 (2005) (the 2006 amendments); Mich. Pub. Acts. 17, 18 (2011) (the 2011 amendments). Plaintiff moved for summary judgment on February 12, 2018. ECF No. 21. Defendant filed a Response and Cross-Motion for Summary Judgment on March 25, 2018, ECF No. 25, to which Plaintiff replied, ECF No. 26. On June 6, 2018, Judge Morris issued a report, recommending that Plaintiff's motion for summary judgment be granted in part, and that Defendants' motion for summary judgment be granted in part. ECF No. 29.

Pursuant to the holding of the Sixth Circuit Court of Appeals in *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), *reh'g denied* (Sept. 15, 2016), Judge Morris found that retroactive application of SORA's 2006 and 2011 amendments to Plaintiff would amount to an unconstitutional ex post facto law.[1] *Id.* at 2-4. To the extent Plaintiff challenged the retroactive application of other SORA amendments prior to 2006 and 2011, Judge Morris found that Plaintiff offered no legal authority for the proposition that retroactive application of those amendments would violate the Constitution or any other law. *Id.* at 4-5 (quoting *Hall v. Washington*, No. 5 16-CV-11812, 2018 WL 1875598, at *4 (E.D. Mich. Apr. 19, 2018) (observing that Does #1-5 "only addressed whether the retroactive application of certain SORA amendments constituted an ex post facto punishment in contravention of the Constitution")).

Judge Morris also found that "the *Mendoza-Martinez* factors militate against a finding that SORA's registration requirements constitute punishment," and that retroactive application of those requirements therefore does not violate the Constitution's prohibition on ex post facto laws. Rep. & Rec. at 6 (citing *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963)). Accordingly, Judge Morris recommended that the Court grant Plaintiff's motion for summary

---

[1] Defendants do not dispute this point. *See* ECF No. 25 at 2.

judgment as to the retroactive application of SORA's 2006 and 2011 Amendments, and deny it in all other respects. Plaintiff timely objected to Judge Morris's report and recommendation. ECF No. 30.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections,

"[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

**II.**

Plaintiff takes issue with the fact that Judge Morris stated that he only mentioned the 1999 and 2004 amendments in passing, but focused on the unconstitutionality of retroactive application of the 2006 and 2011 amendments. Obj. at 3-4. Plaintiff underscores the fact that he is challenging the 1999 and 2004 amendments as well. *Id.* Judge Morris did not disregard those challenges or deem them waived, but rather observed that Plaintiff had offered no legal support for the proposition that retroactive application of the 1999 and 2004 amendments would be unconstitutional. Notwithstanding the lack of any cognizable legal argumentation in Plaintiff's briefing, Judge Morris independently analyzed whether the registration requirements imposed by those amendments constitute punishment under the *Mendoza-Martinez* factors, and concluded that they do not. *See* Rep. and Rec. at 4-6 (citing *Mendoza-Martinez*, 372 U.S. at 168-69). Much like the initial briefing on his motion for summary judgment, Plaintiff offers no legal authority to the contrary. Accordingly, his objection will be overruled.

**III**.

Accordingly it is **ORDERED** that the report and recommendation, ECF No. 29, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's objections, ECF No. 30, are **OVERRULED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 21, is **GRANTED** in part as to his challenge to the retroactive application of Michigan SORA's 2006 and 2011 amendments, (M.C.L. § 28.723, et seq.; Mich. Pub. Acts 121, 127 (2005) (the 2006

amendments); Mich. Pub. Acts. 17, 18 (2011) (the 2011 amendments)), and **DENIED** in all other respects.

It is further **ORDERED** that Defendants' motion for summary judgment, ECF No. 25, is **GRANTED** in part to the extent it seeks dismissal of Plaintiff's challenges to Michigan SORA's 1999 and 2004 amendments, and **DENIED** in all other respects.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED** as to the challenges to Michigan SORA's 1999 and 2004 amendments.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: July 10, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 10, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager