IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MAN LEWIS, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>GRETCHEN WHITMER, Governor of the State of Michigan, and COL. JOSEPH GASPER, Director of the Michigan State Police,<br><br>    Defendants. | Case No. 1:17-cv-10808-TLL-PTM<br><br>Honorable Thomas L. Ludington<br>Magistrate Judge Patricia T. Morris |

**STIPULATED FINAL JUDGMENT ON REMAND**

Plaintiff Man Lewis, Jr. brought this suit against Defendants challenging the retroactive application to him of Michigan's Sex Offender Registration Act (SORA). The Court previously entered judgment affording Plaintiff Man Lewis Jr. declaratory judgment on certain of his claims and granting judgment to Defendants on the remainder of those claims. (Dkt. # 32, Pg. ID 228, Judgement).

Lewis appealed that judgment insofar as it granted partial judgment to Defendants. In his appeal, he argued, among other things, that the summary judgment record supported complete judgment for Lewis and not partial judgment for Defendants; that SORA's in-person reporting requirement, annual fee, and public registry were unconstitutional as applied to Lewis; and that the provisions of SORA enjoined by this Court as unconstitutional as applied to Lewis could not be severed from the remainder of SORA. While on appeal, the parties reached a settlement agreement.

This case is now before the Court on remand from the Sixth Circuit Court of Appeals, after this Court entered an indicative order that it would consider this Stipulated Final Judgment

on Remand. (Dkt. # 41, Pg. ID 255, Order Granting Parties Joint Motion for Indicative Ruling To Effect Terms of Settlement).

Upon entry of this order, Defendants make the following determinations under M.C.L. § 28.728(9):

a. The only requirements or restrictions of SORA that will apply to Lewis are: (i) to provide fingerprints if not already on file with the Michigan State Police (as set out in M.C.L. § 28.727(1)(q)); and (ii) to pay the annual fees unless he becomes indigent (as set out in M.C.L. §§ 28.725a(6)(b)-(c) and 28.725b(3));

b. Lewis will not be required to verify regularly (in-person or otherwise), but if he changes his name or address, he must notify the State within 10 days; and

c. Lewis will complete his registration period upon December 1, 2034, and as of that date, Lewis will no be longer required to register under SORA and will be removed from the non-public law enforcement registry within 7 days.

In light of those determinations and the parties' joint motion for entry of this Stipulated Final Judgment, the Court orders the following declaratory and injunctive relief pursuant to Federal Rules of Civil Procedure 57, 58, and 65:

1. IT IS HEREBY ORDERED that this is the Final Judgment on the merits in this case and supersedes the Court's Judgement entered July 10, 2018.

2. IT IS FURTHER ORDERED that this order is a final and binding judgment on the merits regarding the legal obligations of the parties to this action, consistent with the Sixth Circuit's opinion in *Does #1-5 v. Snyder*, 834 F.3d 606, 706 (6th Cir. 2016), and the stipulated final judgment on remand in *Does #1-5 v. Snyder*, United States District Court for the Eastern District of Michigan, No. 2:12-cv-11194.

3. IT IS FURTHER ORDERED that Lewis will not be listed on the public registry, but will instead only be listed on the non-public law enforcement registry.

4. IT IS FURTHER ORDERED that the only requirements or restrictions of SORA that shall apply to Lewis are:

    a. To provide fingerprints if not already on file with the Michigan State Police (as set out in M.C.L. § 28.727(1)(q)); and

    b. To pay the annual fees unless he becomes indigent (as set out in M.C.L. §§ 28.725a(6)(b)-(c) and 28.725b(3)).

5. IT IS FURTHER ORDERED that Lewis shall not be required to verify regularly (in-person or otherwise). If he changes his name or address, he shall notify the State within 10 days.

6. IT IS FURTHER ORDERED that Lewis will complete his registration period upon December 1, 2034, and as of that date, Lewis shall no be longer required to register under SORA and will be removed from the non-public law enforcement registry within 7 days.

7. IT IS FURTHER ORDERED that Defendants shall make a notation on the private (law enforcement) registry for Lewis alerting viewers to contact the Michigan State Police before taking any action against Lewis on SORA-related offenses, and, if contacted, the Michigan State Police shall notify the person making that contact of the Court's order.

8. IT IS FURTHER ORDERED that this judgment shall not bar application of SORA to any plaintiff in the event that the plaintiff is convicted of an offense that occurred after July 1, 2011, that requires registration under SORA.

9. IT IS FURTHER ORDERED that this judgment shall dispose of all claims in this case and that, insofar as they are not addressed by this judgment, Lewis's claims are dismissed with prejudice and without costs or fees to any party.

10. IT IS FURTHER ORDERED that this Court retains jurisdiction to enforce this order.

Judgment is entered as set forth above.

SO ORDERED.

Dated: March 10, 2020

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Mr. Benjamin Field, 555 13th St NW, Washington DC 20004 by first class U.S. mail on March 10, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---

APPROVED FOR ENTRY:

*/s/ David Newmann*
Attorney for Plaintiff

Dated: February 19, 2020

*/s/ Joseph T. Froehlich*
Assistant Attorney General
Attorney for Defendants

Dated: February 19, 2020